**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **DERRIK LEE GOON,** | CASE NO. 3:24 CV 1837 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **CAPTAIN AARON LEIST, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### BACKGROUND

*Pro se* Plaintiff Derrik Lee Goon filed a civil rights complaint in this case under 42 U.S.C. § 1983 against four Ottawa County Sheriff's Office employees: Captain Aaron Leist, Adam Wildman, and Deputies Ian Eppink and Collin Salyers. (Doc. 1). In his Complaint, Plaintiff contends his rights were violated under the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments (*id.* at 3, ¶ II(B)), but fails to set forth cogent, specific factual allegations giving rise to each such rights deprivation or of misconduct by each Defendant. It appears Plaintiff contends he was unlawfully arrested by Defendants for violating a temporary protection order. His Complaint references a warrant that police requested "from [his] Judge who allowed a rule 4 to be issued" in connection with a "book signed by John Doe [that] was in his ex-wife[']s mail box." *Id.* at 4, ¶ II(D). His alleged factual basis for his Complaint, in its entirety, is that:

> [He] was unlawfully arrested and detained over a temporary protection order that ha[d] expired in [D]ecember of 2023 an[d] imprisoned to where [he] was unable to defend [him]self properly while handling this case for a dismissal. Placed in handcuffs.

*Id.* at 4, ¶ III(C).

1

For relief, Plaintiff seeks monetary damages ("$50,000,000 USD") and to have the courts "seal of[f] all [his] criminal records and to return any bonds made in [his] name and have [them] donated to St. Jude's medical research facility anonymously." *Id.* at 5, ¶ V.

Plaintiff did not pay the filing fee, but instead filed a motion to proceed *in forma pauperis*. (Doc. 2). The Court grants this motion. He has also filed a motion for appointment of counsel. (Doc. 3). For the following reasons, the Court denies Plaintiff's motion for appointment of counsel and his Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## STANDARD OF REVIEW

*Pro se* complaints are generally liberally construed and held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), but the lenient treatment generally accorded pro se pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for determining a motion to dismiss under Federal Civil Rule 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill*, 630 F.3d at 670-71. In order to survive a dismissal, a complaint must contain

2

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 471. The allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)[.]" *Twombly*, 550 U.S. at 555.

## Discussion

Motion for Appointment of Counsel

The relevant statute provides that, for an individual proceeding *in forma pauperis* as Plaintiff is, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no constitutional right to appointment of counsel in a civil case, and the decision is left to the discretion of the district court. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Schultz v. Hansen*, 28 F. App'x 513, 515 (6th Cir. 2002). The Sixth Circuit has characterized appointment of counsel in civil cases as "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.3d at 606.

Here, Plaintiff simply asserts he is unable to afford an attorney. (Doc. 3). Upon review, the Court finds Plaintiff has not demonstrated the "exceptional circumstances" necessary for appointment of counsel and therefore denies his motion.

Complaint

Even liberally construed, Plaintiff's Complaint fails to state a plausible federal claim upon which he may be granted relief. To meet federal notice pleading requirements under Federal Rule of Civil Procedure 8, a complaint must set forth allegations sufficient give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint fails to do so; the unclear and conclusory statements set forth in his pleading fail to

3

meet basic pleading requirements necessary to state a plausible claim in federal court. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (holding a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555 (conclusory allegations fail to state a claim under § 1983).

Further, the Sixth Circuit has consistently held that damages claims against government officials "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Where, as here, individuals are named as defendants in the caption of a complaint without cogent, specific allegations of misconduct against them in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of. Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)); *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where the complaint did not allege "with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"); *Griffin v. Montgomery*, 2000 WL 1800569, at *2 (6th Cir.) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

In addition, Plaintiff indicates he seeks to sue Defendants in their official capacities. *See* Doc. 1 at 2-3, ¶ 1(B). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity," in this case, Ottawa County. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989)). To hold a county government liable under § 1983, a plaintiff must allege that a policy or custom

4

of the county itself caused the violation of his civil rights. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). The plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Here, Plaintiff does not identify or allege the existence of any custom or policy of Ottawa County, much less facts from which the Court could reasonably infer that Defendants acted pursuant to a custom or policy, that violated Plaintiff's civil rights.

Finally, to the extent Plaintiff's claims in the case rest on a premise that he was wrongly charged or convicted in a state criminal case, his complaint fails to state a claim under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87. Plaintiff does not allege or demonstrate that any state criminal conviction he may be challenging as unlawful has been called into question or invalidated in any of the ways articulated in *Heck*.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

5

FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 3) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                    s/ *James R. Knepp II*
                                                    UNITED STATES DISTRICT JUDGE

                                                    Dated: February 3, 2025